# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOJO AMUZU, Individually, and d/b/a MEGATRADE AUTO BROKERS, LLC, *Plaintiff* | : <br> : CIVIL NO. 2:26-cv-9678 <br> : <br> : |
| v. | : <br> : |
| BROOKVILLE AUTO GROUP, INC., ABIDEK INTERNATIONAL, INC., TODOS TRANSPORT INC., JP TOWER LLC, MANEHIM by COX AUTOMOTIVE, ABC CORPORATION, a fictitious name for an unknown corporation, and JOHN DOE, a fictitious name for an unknown person, *Defendants.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## DEFENDANT TODOS TRANSPORT INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP

James A. Wescoe, Esq.
Katherine A. Tenzinger, Esq.
135 Route 202/206, Suite 2
Bedminster, NJ 07921
jwescoe@wglaw.com
ktenzinger@wglaw.com
*Attorneys for defendant, Todos Transport, Inc.*

Dated: August 7, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................................ 2

LEGAL ARGUMENT ....................................................................................................... 3

    I.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR
          FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6) .......................... 3

          A.    Plaintiff's State Law Claims Are Preempted by the
                Carmack Amendment ................................................................................ 4

          B.    Alternatively, Plaintiff Fails to State a Carmack Claim
                against Defendant Todos ........................................................................... 6

                i.    *The Complaint Affirmatively Alleges Third Party
                      Bad Actors Possessed the Vehicle* ............................................. 7

                ii.  *Plaintiff Fails to Plausibly Allege Defendant
                      Caused the Alleged Loss* ........................................................... 7

CONCLUSION ............................................................................................................... 10

CERTIFICATE OF SERVICE ........................................................................................... 11

i

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 1, 3, 4, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 1, 3, 10

*Bunis v. Masha Mobile Moving & Storage, LLC,* No. 23-1237, 2023 U.S. Dist. LEXIS 120012 (E.D. Pa. July 12, 2023) ...................................................................................... 7

*Chambers v. Glenmark Pharm. Inc.*, Civil Action No. 25-2984, 2026 U.S. Dist. LEXIS 134793 (D.N.J. June 17, 2026) ...................................................................................... 4

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) ....................................... 4

*James v. City of Wilkes-Barre*, 700 F.3d 675 (3d Cir. 2012) ................................... 4, 10

*NII Brokerage, L.L.C. v. Roadway Express, Inc.,* Civil Action No. 07-5125 (HAA), 2008 U.S. Dist. LEXIS 64784 (D.N.J. July 18, 2008) ................................................................ 6

*Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337 (D.N.J. 2011) ........................ 6

*Phillips v. Ctny. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ........................................ 4

*Sissoko v. City of Newark,* Civil Action No. 20-15717, 2021 U.S. Dist. LEXIS 97643 (D.N.J. May 21, 2021) .................................................................................................. 10

*United Van Lines, LLC v. Lohr Printing*, 2014 U.S. Dist. LEXIS 97557 (D.N.J., July 18, 2014). 6

*Vega v. Iveley, LLC*, Civil Action No. 25-03769 (JXN)(JRA), 2026 U.S. Dist. LEXIS 143243 (D.N.J. June 29, 2026) ................................................................................... 3, 10

**Statutes**

49 U.S.C. § 14706 ............................................................................................................ 4

ii

**PRELIMINARY STATEMENT**

This case arises from an alleged failed interstate shipment of a motor vehicle. Plaintiff alleges that a defendant other than Todos Transport, Inc. (hereinafter "Todos") unlawfully took possession of an incorrect older model vehicle in connection with the shipment and seeks to recover damages arising from the failure to receive the vehicle plaintiff purchased. Although plaintiff asserts state law causes of action against Todos, the allegations of the Complaint establish that plaintiff's claims arise entirely from an interstate transportation transaction and are therefore governed exclusively by the Carmack Amendment, 49 U.S.C. § 14706. Preemption therefore applies and the complaint should be dismissed on this basis alone.

Even if the court were to construe plaintiff's Complaint as asserting a claim under the Carmack Amendment, dismissal is nevertheless warranted. The Complaint contains no factual averments that Todos ever received, possessed, transported, or delivered either the purchased vehicle or the incorrect older model vehicle allegedly accepted by another entity. At most, plaintiff alleges that Todos participated in arranging interstate transportation. Such conclusory allegations, devoid of any factual content connecting Todos to custody or transportation of either vehicle are insufficient to state a plausible claim for relief under the pleading standards set forth in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, plaintiff's own Complaint alleges that third party bad actors intervened in the shipment, producing a fake bill of lading that caused a defendant other than Todos to take control of the wrong vehicle. Plaintiff simply has not plead any facts that could establish a plausible claim against Todos. Accordingly, whether viewed through the lens of the Carmack preemption or the Complaint's failure to plausibly allege Todos' involvement in the receipt, possession, or

1

transportation of either vehicle, plaintiff has failed to state claim upon which relief can be granted. Thus, this Court should dismiss all claims asserted against Todos with prejudice pursuant to Rule 12(b)(6).

## FACTUAL AND PROCEDURAL BACKGROUND

On June 26, 2026, plaintiff filed a Complaint in the Superior Court of New Jersey Law Division, Essex County against Todos as well as several other defendants: Brookville Auto Group, Inc. ("Brookville"), Abidek International, Inc. ("Abidek"), JP Tower LLC ("JP Tower"), Manheim by Cox Automotive ("Manheim"), and ABC Corporation and John Doe. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

The Complaint alleges that plaintiff purchased a 2025 Lexus GX SUV Premium, Vin Number JTJTBCDX0S5055650 (the "Vehicle"), through Manheim for a purchase price of $82,000.00. (Compl., Ex. A, ¶ 7). The Complaint further alleges that the purchase price was paid to the seller of the Vehicle, Brookville. (Compl., Ex. A, ¶ 8). Plaintiff alleges that Manheim provided a gate pass number for the pickup release and transportation of the vehicle. (Compl., Ex. A, ¶ 9). Plaintiff further alleges that it contacted Abidek to release the Vehicle and to arrange the transportation of the Vehicle. (Compl., Ex. A, ¶ 10).

The Complaint alleges that upon information and believe Abidek contacted Todos to pickup and transport the Vehicle from Brookville in New York to the plaintiff in Georgia. (Compl., Ex. A, ¶ 11). No further allegations in the Complaint are made regarding the involvement of Abidek or Todos in the transport of the Vehicle. (See Compl., Ex. A, ¶¶ 12-16).

Rather, plaintiff alleges that the secure gate pass was shared with JP Tower and a fake bill of lading was generated for a 2023 Lexus LX instead of the purchased Vehicle. (See Compl., Ex. A, ¶12). According to the allegations of the Complaint, JP Tower "unlawfully took possession and

2

control of the 2023 Lexus LX" and the purchased Vehicle "was never released for transport, nor has it been found." (Compl., Ex. A, ¶13).

On July 31, 2026, Todos removed the case to federal court based on federal question jurisdiction as plaintiff's claims squarely fall under the Carmack Amendment.

On August 5, 2026, a Stipulation of Dismissal without prejudice for Defendant Abidek was filed by plaintiff's counsel. (ECF 3).

## LEGAL ARGUMENT

### I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain 'sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Vega v. Iveley, LLC*, Civil Action No. 25-03769 (JXN)(JRA), 2026 U.S. Dist. LEXIS 143243, at *5 (D.N.J. June 29, 2026) (citing *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* "Although the plausibility standard 'does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully.'" *Chambers v. Glenmark Pharm. Inc.*, Civil Action No. 25-2984, 2026 U.S. Dist. LEXIS 134793, at *7 (D.N.J. June 17, 2026) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016)). "As a result, a plaintiff must 'allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims.'" *Id.*

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Ctny. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, may "disregard

3

threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79). "'Once accepted as true and construed in the light most favorable to the plaintiff, the Court determines whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

### A.  Plaintiff's State Law Claims Are Preempted by the Carmack Amendment

Plaintiff's state law claims arise from a single alleged loss: the failure to successfully transport and deliver the subject Vehicle in interstate commerce. Regardless of the labels plaintiff assigns to its cause of action, those claims fall squarely in the preemptive scope of the Carmack Amendment, 49 U.S.C. § 14706, which provides the exclusive remedial framework for claims arising from the loss of or damage to goods during interstate transportation.

The Carmack Amendment defines the parameters of liability for loss and damage to goods transported by a motor carrier interstate. The Carmack Amendment states in relevant part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property . . . .

49 U.S.C. § 14706.

The objective of the Carmack Amendment is uniformity of liability for interstate carriers. The United States Supreme Court in *Adams Express Co. v. Croninger*, explained:

> [T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own state, or a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to the goods delivered to it for transportation from one state to another. The congressional action has made an end to the diversity . . . .

226 U.S. 491, 505 (1913).

Since the enactment of the Carmack Amendment, "[t]he Court has consistently described the Amendment's preemptive force as exceedingly broad—broad enough to embrace 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation.'" *Certain Underwriters at Interest at Lloyd's of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 335-36 (3d Cir. 2014). Moreover, the Carmack Amendment preempts "all manner and type of claims" seeking recovery for losses arising from interstate shipping, including "negligence, breach of contract, breach of fiduciary duty, fraud, conversion, misrepresentation, and claims alleging the violation of state consumer fraud statutes." *Id*. at 336 n.3; *see also Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 345-46 (D.N.J. 2011*); see also United Van Lines, LLC v. Lohr Printing*, 2014 U.S. Dist. LEXIS 97557, at *24-26 (D.N.J., July 18, 2014). The only recognized exceptions to the expansive Carmack Amendment preemption are claims based upon conduct or harm, which are independent of the delay, loss, or damage to shipped property, such as intentional infliction of emotional distress. *Lloyd's of London*, 762 F.3d at 336 n.4.

Plaintiff's Complaint fails to enumerate specific causes of action asserted against Todos. However, the Complaint alleges that "Defendants' actions, individually and collectively, represent a clear breach of contract in failing to deliver the Vehicle to plaintiff as agreed upon, in negligence in safeguarding the Vehicle to ensure its delivery to plaintiff, and in gross negligence stemming from a blatant disregard for standard automative practices." (Compl., Ex. A, ¶ 15). Accordingly, plaintiff's advancement of state law breach of contract and negligence-based causes of action against Todos are preempted by the Carmack Amendment and must be dismissed. *See NII Brokerage, L.L.C. v. Roadway Express, Inc.,* Civil Action No. 07-5125 (HAA), 2008 U.S. Dist. LEXIS 64784, at *7 (D.N.J. July 18, 2008) ("Counts I through IV allege state law claims for breach

5

of contract, negligence and bailment for damage or destruction of the Units during interstate shipment. This Court concludes that Counts I through IV are preempted by the Carmack Amendment and must be dismissed.").

### B.  **Alternatively, Plaintiff Fails to State a Carmack Claim against Defendant Todos**

Even assuming the Carmack Amendment governs the loss alleged in the Complaint, which Todos does not concede, plaintiff must still plead facts sufficient to state a plausible Carmack claim against Todos. The Carmack Amendment does not impose liability upon every entity that may have had some connection to an intended interstate shipment. Rather, liability under 49 U.S.C. 14706 against motor carriers and freight forwarders is predicated upon, among other things, the carrier's receipt of the property for transportation. *See Bunis v. Masha Mobile Moving & Storage, LLC,* No. 23-1237, 2023 U.S. Dist. LEXIS 120012, at *6 (E.D. Pa. July 12, 2023) ("Congress, through the Carmack Amendment to the Interstate Commerce Act, imposes liability on carriers 'for all damages incurred by the shipper while the shipped goods are in the possession and control of the carrier. A shipper must prove '(1) delivery of goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) amount of the damages to establish a prima facie case.'"). Accordingly, to state a claim against Todos, plaintiff must at a minimum allege facts plausibly establishing that Todos received the Vehicle for interstate transportation. Conclusory allegations concerning Todos' indirect involvement in arranging or facilitating an intended transportation cannot substitute for facts showing that Todos actually received the property upon which the Carmack claim is based. Plaintiff's Complaint contains no such allegations. Accordingly, plaintiff's Complaint fails to make a prima facie case for a Carmack Amendment claim against Todos and the Complaint should be dismissed.

6

### i. The Complaint Affirmatively Alleges Third Party Bad Actors Possessed the Vehicle

The deficiencies in plaintiff's claims against Todos are particularly apparent from plaintiff's own allegations which not only fail to allege that Todos ever took possession of either vehicle, but also affirmatively attribute the relevant acts of possession and acceptance to other parties. Specifically, the Complaint alleges that a fake bill of lading was generated for a 2023 Lexus LX instead of the purchased Vehicle and Defendant JP Tower "unlawfully took possession and control of the 2023 Lexus LX" and the purchased Vehicle "was never released for transport, nor has it been found." (Compl., Ex. A, ¶¶ 12-13). These allegations matter because plaintiff has specifically identified the actors that allegedly took possession of the property and Todos is not among them. The Court need not infer possession by Todos where plaintiff's own factual narrative from the Complaint attributes possession and acceptance to actors other than Todos.

At most, the Complaint alleges that Todos was involved in arranging or facilitating the contemplated interstate transportation that never took place. However, an allegation that Todos participated in arranging theoretical transportation is not an allegation that Todos actually received the Vehicle. Plaintiff therefore has not, and cannot, plead the factual predicate necessary to support a Carmack claim against Todos and the claims should be dismissed with prejudice.

### ii. Plaintiff Fails to Plausibly Allege Defendant Caused the Alleged Loss

The Complaint should also be dismissed because plaintiff fails to allege facts plausibly establishing that any act or omission by Todos caused the alleged loss of the Vehicle. Although Todos is named among a list of entities allegedly involved in arranging for the Vehicle's interstate transportation, the Complaint does not allege facts connecting Todos' conduct to the actual loss for which plaintiff seeks recovery. Rather, plaintiff alleges that third party actors intervened in the interstate shipment and took possession of a different vehicle procured by a fake document.

Specifically, plaintiff alleges that Defendant JP Tower "unlawfully took possession and control of the 2023 Lexus LX" and the purchased Vehicle "was never released for transport, nor has it been found." (Compl., Ex. A, ¶ 13). Nowhere in these allegations does plaintiff assert that Todos had a role in the transport of either vehicle other than a contact by Abidek to Todos to arrange for the initial transport of the subject Vehicle to be moved from New York to Georgia. (Compl., Ex. A, ¶ 11).

Notably, since filing the Complaint, Plaintiff has stipulated to the dismissal of Abidek as a defendant from this case. (ECF 3). Plaintiff arguably had a greater connection to Abidek than Todos as plaintiff alleged in the in the Complaint that it "contacted Defendant Abidek to release the car on central dispatch and to arrange the transportation of the Vehicle." (Compl., Ex. A, ¶ 10). As we know from the later allegations of the Complaint, this transport allegedly never occurred due to the actions of third parties. (Compl., Ex. A, ¶¶ 12-14). Based on plaintiff's allegations in the Complaint, Todos certainly is not alleged to have any greater of a role in the alleged transaction than Abidek sufficient to warrant its continued inclusion as a defendant in this matter.

To survive a motion to dismiss, the complaint must contain sufficient factual matter to permit a reasonable inference that a defendant is liable for the misconduct alleged. *Vega v. Iveley, LLC*, Civil Action No. 25-03769 (JXN)(JRA), 2026 U.S. Dist. LEXIS 143243, at *5 (D.N.J. June 29, 2026) (citing *Iqbal*, 556 U.S. at 678) (quoting *Twombly*, 550 U.S. at 570). A plaintiff cannot satisfy this requirement through conclusory allegations, speculation, or allegations that are merely consistent with liability. *James*, 700 F.3d at 681 (citing *Iqbal*, 556 U.S. at 678-79). Moreover, when multiple defendants are named, plaintiff must plead facts establishing a plausible basis for liability as to each defendant rather than impermissibly grouping separate actors together. *See Sissoko v. City of Newark,* Civil Action No. 20-15717, 2021 U.S. Dist. LEXIS 97643, at *21 (D.N.J. May

21, 2021) ("Plaintiff must allege facts that "establish each individual defendant's liability for the misconduct alleged. When different defendants are named in a complaint, plaintiff cannot refer to all defendants who occupied different positions and presumably had distinct roles in the alleged misconduct without specifying which defendants engaged in what wrongful conduct. A complaint that contains impermissibly vague group pleading will be dismissed.")

Here, as discussed above, plaintiff does not allege that Todos ever received, possessed, transported, or exercised control over either vehicle. To the contrary, the Complaint affirmatively attributes these actions to other actors. Critically, plaintiff's allegations in the Complaint never bridge the gap between Todos' alleged indirect involvement in the arrangement for interstate transport and the alleged subsequent loss of the Vehicle. Nowhere in the Complaint does plaintiff allege any act by Todos through which the vehicle was taken, diverted, misdelivered, or otherwise lost. Nor does it allege that Todos directed another party to take the Vehicle, participated in its unlawful acceptance, exercised control over the Vehicle after it was taken, or otherwise engaged in conduct that caused plaintiff to be deprived of the Vehicle. The mere fact that Todos may have had some initial connection to the contemplated transaction that never took place simply does not make it plausible that Todos caused everything that subsequently occurred. Such an inference would amount to speculation rather than a reasonable inference from the well-pleaded facts.

Indeed, further investigation or discovery into this matter is not needed to determine that Todos is not a proper defendant in this matter. Plaintiff's factual allegations point us directly to parties other than Todos. (Compl., Ex. A., ¶¶ 12-13). Moreover, the Complaint contains no allegations of comparable conduct of Todos. Plaintiff cannot simply identify Todos as one participant in the contemplated shipment and leave the Court to speculate as to how Todos caused the ultimate loss.

9

Ultimately, despite the absence of allegations that Todos ever possessed either vehicle or participated in the conduct through which the Vehicle was lost, plaintiff asks the Court to infer causation based upon Todos' alleged involvement in arranging the contemplated interstate shipment that never took place. That inferential leap is insufficient under the plausibility standard. Accordingly, plaintiff has failed to plead facts supporting a reasonable inference that Todos' conduct caused the alleged loss and its claims against Todos should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Defendant's Motion must be granted, and plaintiff's claims against Defendant Todos Transport, Inc. must be dismissed with prejudice for failure to state a claim

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

By:    */s/ James A. Wescoe*
James A. Wescoe, Esquire
Katherine A. Tenzinger, Esquire
135 Route 202/206, Suite 2
Bedminster, NJ 07921
jwescoe@wglaw.com
ktenzinger@wglaw.com
*Attorneys for defendant, Todos Transport, Inc.*

Date: August 7, 2026

## <u>CERTIFICATE OF SERVICE</u>

I, James A. Wescoe, do hereby certify that a true and correct copy of the foregoing Brief

in Support of Motion to Dismiss was served on August 7, 2026, via the Court's Electronic Case

Filing notice and/or U.S. Mail upon the following:

Geoffrey D. Mueller, Esq.
Law Offices of Geoffrey D. Mueller, LLC
366 Kinderkamack Road
Westwood, New Jersey 07675
*Attorney for Plaintiff Kojo Amuzu, Individually and d/b/a Megatrade Auto Brokers, LLC*

Brookville Auto Group, Inc.
3 Alpine Court, Suite 144
Chestnut Ridge, NY 10977

Abidek International Inc.
5760 Harrison Avenue
Austell, GA 30106

JP Tower, LLC
703 E. Hamilton Street, Apt. 11
Allentown, PA 18109

Manheim By Cox Automotive
100 US 46
Fairfield, NJ 07004

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

By:    */s/ James A. Wescoe*
James A. Wescoe, Esquire

11