**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KOZO AMUZU, Individually, and d/b/a MEGATRADE AUTO BROKERS, LLC**<br><br>**Plaintiffs,**<br><br>**-against-**<br><br>**BROOKVILE AUTO GROUP, INC., ABIDEK INTERNATIONAL, INC., TODOS TRANSPORT INC., JP TOWER LLC, MANHEIM by COX AUTOMOTIVE, ABC CORPORATION, a fictitious name of an unknown corporation, and JOHN DOE, a fictitious name for an unknown person**<br><br>**Defendants.** | CIVIL NO: 2:26-cv-09678 |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT TODOS TRANSPORT INC.'S MOTION TO DISMISS COMPLAINT**

**THE LAW OFFICES OF GEOFFREY D. MUELLER, LLC**

By: /s/ *Adam James Boyle*
Adam James Boyle, Esq.
Attorney ID No. 03543-2006
366 Kinderkamack Road
Westwood, NJ 07675
aboyle@gdm-law.com
Attorneys for Plaintiffs, Kojo Amuzu, Individually and d/b/a Megatrade Auto Brokers, LLC

# TABLE OF CONTENTS


| | Page No: |
|---|---|
| TABLE OF AUTHORITIES | ii |
| FACTUAL BACKGROUND | 1 |
| LEGAL ARGUMENT | 2 |
| POINT I<br>PLAINTIFF'S COMPLAINT STATES A CAUSE OF ACTION | 2 |
| POINT II<br>PLAINTIFF'S COMPLAINT STATES A CAUSE OF ACTION UNDER THE CARMACK AMENDMENT AGAINST DEFENDANT TODOS | 3 |
| POINT III<br>PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT | 4 |
| CONCLUSION | 5 |

## TABLE OF AUTHORITIES


| | Page No: |
|---|---|
| **CASES** | |
| Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) | 2 |
| Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) | 2 |
| Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) | 2 |
| Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) | 2, 3 |
| Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); | 2 |
| Twombly, 550 U.S. at 563 | 2, 3 |
| **STATUTES** | |
| Federal Rule of Civil Procedure 12(b)(6) | 2 |
| Federal Rule of Civil Procedure 8(a)(2) | 2 |
| Federal Rule of Civil Procedure 15(a)(2) | 4 |
| 49 U.S.C Section 14706 | 3 |
| **EXHIBITS** | |
| Exhibit A | 3 |

## FACTUAL BACKGROUND

On or about October 8, 2025, Plaintiff purchased a 2025 Lexus GX SUV Premium, VIN Number JTJTBCDX0S5055650 (the "Vehicle"), through Defendant Manheim, which is a used vehicle marketplace, for a purchase price of $82,000.00 (the "Purchase Price"). The seller of the Vehicle, Defendant Brookville, received the Purchase Price which Plaintiff paid by and through Defendant Manheim. Transport company, Defendant Todos, was required to pick up and transport the Vehicle from Defendant Brookville in New York to Plaintiff in Georgia. Defendant Manheim provided an allegedly secure gate pass number for the pickup, release and transportation of the Vehicle. Defendant Todos accepted the transport of the subject vehicle and was provided with the allegedly secure gate pass. Thereafter, apparently the secure gate pass was provided to Defendant JP Tower and a fake bill of lading was generated for a 2023 Lexus LX instead of the purchased 2025 Lexus GX. Plaintiff's purchased Vehicle, the 2025 Lexus GX, has never been delivered by Defendant Todos to the Plaintiff. As of this date, Plaintiff has not received the Vehicle, despite the seller, Defendant Brookville, receiving the Purchase Price from Plaintiff for said Vehicle, and the Purchase Price has not been reimbursed to Plaintiff by Defendant Brookville, or by any of the other Defendants.

## LEGAL ARGUMENT

## POINT I
## PLAINTIFF'S COMPLAINT STATES A CAUSE OF ACTION

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at

563 (quoting Twombly, 550 U.S. at 570).

Here, Plaintiff has sufficiently plead and alleged facts upon which the Court can determine they can maintain a cause of action against Defendant Todos.

## POINT II
## PLAINTIFF'S COMPLAINT STATES A CAUSE OF ACTION UNDER THE CARMACK AMENDMENT AGAINST DEFENDANT TODOS

Plaintiff's Complaint states a cause of action against Defendant Todos under the Carmack Amendment. 49 U.S.C Section 14706 provides that "a carrier providing transportation or service…shall issue a receipt of bill of lading for property it receives for transportation under this part. That carrier…[is] liable to the person entitled to recover under the receipt or bill of lading." Further, "transportation" includes services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

Here, Defendant Todos agreed to transport of the subject vehicle by accepting same from Central Dispatch on behalf of Plaintiff. See Exhibit A. Thereafter, Defendant Todos did not deliver said vehicle. Plaintiff's Complaint indicates same. See Paragraphs 11 and 14 of Plaintiff's Complaint. Therefore, Plaintiff states a cognizable claim as stated in its Complaint and Defendant's Motion to Dismiss should be denied.

## POINT III
## PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT

Alternatively, should the Court find that the Plaintiff's Complaint fails to state a claim against Defendant Todos for the failure to deliver the subject vehicle, Plaintiff should be granted leave to file an Amended Complaint. Under, Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend the complaint] when justice so requires." To the extent that this Court grants Defendant's Motion to Dismiss, Plaintiff would ask that same be dismissed without prejudice and that they be granted leave to amend their Complaint.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Defendant Todos Transport, Inc's Motion must be denied, or in the alternative, Plaintiff should be granted leave to amend their Complaint.

Respectfully submitted,

**THE LAW OFFICES OF GEOFFREY D. MUELLER, LLC**

By: */s/ Adam James Boyle*
Adam James Boyle, Esq.
Attorney ID No. 03543-2006
366 Kinderkamack Road
Westwood, NJ 07675
aboyle@gdm-law.com
Attorneys for Plaintiffs, Kojo Amuzu, Individually
and d/b/a Megatrade Auto Brokers, LLC

Dated: September 22, 2026

# Exhibit A

Outlook

**Load ID: kojo has been ACCEPTED by Todos Transport**

From Central Dispatch <do-not-reply@centraldispatch.com>
Date Thu 10/23/2025 5:53 AM
To kayodeusa@hotmail.com <kayodeusa@hotmail.com>

CentralDispatch
by Cox Automotive

Hello Abidek International,

Todos Transport has **accepted** and electronically signed your dispatch sheet for the order below.

View Dispatch Sheet

If the button does not work, please copy and paste this URL into your browser:
https://app.centraldispatch.com/dispatch/dispatch-sheet/id/a3627ac6-c65b-41f0-abb0-0482be978b9b/shipper

## Load Details

| | |
|---|---|
| Load ID | kojo |
| Pick Up Location | Inwood, NY 11096 |
| Delivery Location | Mableton, GA 30126 |
| Requested Pick Up Date | Exactly 10/23/2025 |
| Requested Delivery Date | Exactly 10/24/2025 |
| Carrier Pick Up ETA | 10/23/2025 |
| Carrier Delivery ETA | 10/24/2025 |
| Price | **$650.00** |

Number of Vehicles 1

- YMM 2025 Lexus GX VIN jtjtbcdx0s5055650

*Please note this is an automated email and replies to it will not be seen.*